IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL JOSEPH WAGNER        *

Petitioner        *

   v.        *        Civil Action No. AW-10-1944

       *

J. MICHAEL STOUFFER and
J. TROVILLIAN        *

Respondents        *
      ***

## **MEMORANDUM**

Respondents have filed an Answer to the Petition for Writ of Habeas Corpus asserting it should be dismissed for failing to state a federal claim. ECF No. 5. Petitioner filed a Reply addressing Respondents' assertions.[1] ECF No. 9. Upon review of the papers filed, the Court finds a hearing in this matter unnecessary. For the reasons that follow, the Petition shall be denied.

### Background

Petitioner is serving a Maryland sentence in a Florida state correctional facility under the Interstate Corrections Compact (ICC). ECF No. 1. He is serving a term of fifteen (15) years beginning November 21, 2002 and ending November 21, 2017, consisting of several sentences imposed by the Circuit Court for Howard County, the Circuit Court for Prince George's County and the District Court of Maryland for Baltimore County.[2] ECF No. 5 at Ex. 1 and 2. Petitioner claims that as a Maryland inmate he remains under the jurisdiction and laws of the State of

---

[1] Petitioner's Motion for Enlargement of Time seeking additional time to file a Reply shall be granted nunc pro tunc. ECF No. 8.

[2] A "term of confinement" is defined as "[t]he period from the first day of the sentence that begins first through the last day of the sentence that ends last." See Md. Ann. Code, Corr. Ser. § 3-701(a)(2) (2008).

Maryland, despite his physical presence in Florida, and he is therefore entitled to continue receiving the same diminution of confinement credits towards his sentence that he was receiving while confined in Maryland. ECF No. 1 at p. 2. Upon his transfer to Florida on March 13, 2007, however, Petitioner claims he stopped receiving the benefit of special project credits he had received for double celling while in Maryland. *Id.* Petitioner provides affidavits to the effect that his current housing status in Florida otherwise qualifies him to receive Maryland's special project credits. ECF No. 1 at Attachment 1, pp. 11—13.

Respondents explain Petitioner has been awarded 157 special project credits, 119 industrial credits,[3] and nine good conduct credits[4] for time spent in the custody of a local correctional facility, in addition to the initial prospective award of good conduct credits for time in state custody at the rate of five days per month for his term of confinement. Petitioner lost 1060 diminution credits[5] for disciplinary rule violations, resulting in a net total of 957 diminution of confinement credits. ECF No. 5 at Ex. 4.

## Prior Proceedings

On January 7, 2008, Petitioner filed a grievance with the Inmate Grievance Office (IGO) asserting he should be receiving special project and industrial credits he would have received had he been confined in a Maryland correctional facility. ECF No. 5 at Ex. 5. By letter dated March 27, 2008, IGO Executive Director Scott Oakley advised that as a matter of law Petitioner was not entitled to an award of special project credits for being double-celled while confined in an out-of-state facility, because it was "beyond the scope of the double-celling 'special project' designated by the Commissioner and approved by the Secretary pursuant to Md. Code Ann., Corr. Servs. §3-707, found at COMAR 12.02.06.04(F)." *Id* at Ex. 6 The complaint was

---

[3] *See* Md. Code Ann., Corr. Servs. §§3-705 through 3-707.
[4] *See* Md. Code Ann., Corr. Servs. §§11-503 through 11-504.
[5] *See* Md. Code Ann., Corr. Servs. §3-709.

dismissed as wholly lacking in merit. *Id*.

Petitioner then filed an appeal of the IGO's decision dismissing his complaint. On March 12, 2009, the Circuit Court for Baltimore City affirmed the decision of the IGO. ECF No. 5 at Ex. 8. Petitioner filed an application for leave to appeal with the Maryland Court of Special Appeals which denied the application on February 4, 2008. *Id*. at Ex. 9 No further appellate review was available in light of the denial of the application for leave to appeal. *See* Md. Code Ann., Cts & Jud. Proc. §12-202.

## Standard of Review

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Sentence and diminution credit calculation issues generally are issues of state law and do not give rise to a federal question. *See McCray v. Rosenblatt*, 1994 WL 320212 (4th Cir. July 6, 1994) (per curiam) (unpublished); *see also Estelle*, 502 U.S. at 67-68; *Pringle v. Beto*, 424 F.2d 515, 516 (5th Cir. 1970). Violation of a state law which does not infringe upon a specific constitutional right is cognizable in federal habeas corpus proceedings only if it amounts to a "fundamental defect which inherently results in a complete miscarriage of justice." *Hailey v. Dorsey*, 580 F.2d 112, 115 (4th Cir. 1978) (quoting *Hill v. United States*, 368 U. S. 424, 428 (1962)). A dispute over diminution credits does not rise to this level. *See Willeford v. Estelle*, 538 F.2d 1194, 1197 (5th Cir. 1976). If a "claim . . . rests solely upon an interpretation of [state] case law and statutes, it is simply not cognizable on federal habeas review." *Wright v. Angelone*, 151 F. 3d 151, 157 (4th Cir. 1998). *See Smith v. Moore*, 137 F.3d 808, 822 (4th Cir. 1998) (refusing to entertain claim that jury instruction misstated South Carolina law).

**Analysis**

The claim raised does not present a federal question. The issue of whether Petitioner is entitled to receive certain types of state diminution credits is not converted into a federal claim by virtue of his transfer to another state for service of his sentence.

Petitioner asserts that his claim not only involves the interpretation of state law, but also implicates his constitutional right to equal protection because his treatment is "invidiously dissimilar" to that of other Maryland prisoners. ECF No. 9 at p. 15. Petitioner explains that he meets the criteria for receiving special project credits for double-celling and unlike Maryland prisoners confined in Maryland facilities, he is not receiving those credits. *Id*. at pp. 15—17. In cases such as this one where no suspect criterion such as race is involved, the proper inquiry is whether the State's interpretation of the statute or regulation serves a legitimate state interest and wether the challenged classification is rationally related to it. *See Moss v. Clark*, 886 F. 2d 686, 690 (4th Cir. 1989). "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *O'lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987).

Petitioner was deemed ineligible to earn special project credits for double celling because he is incarcerated in Florida and is not participating in a special program designated by the Commissioner of Correction and approved by the Secretary of Public Safety, *i.e*., he is not double celled in a Maryland prison. The purpose of the double celling special project credits was to alleviate shortages in inmate housing and services in the Maryland Division of Correction facilities. *See* Maryland Code Regs. (COMAR) 12.02.06.05(N)(3) and 12.02.06.04(F)(2). An award of double celling credits to an inmate housed in Florida does not address Maryland's

purpose for awarding the credits. The denial of credits to Petitioner is not a violation of the equal protection clause.

Having found no basis for an award of federal habeas corpus relief, the Petition will be denied by separate Order which follows.

Date: January 11, 2011

_____/s/_____
Alexander Williams, Jr.
United States District Judge